Good morning, Your Honors, and may it please the Court, my name is Sabrina DeMast, and I represent the petitioner in this matter, Angel Torres Lopez. I would like to reserve two minutes for rebuttal, please. Keep your eye on the clock, I'll try to help you. Thank you, Your Honor, I will. Your Honors, this Court should sustain petitioner's appeal and remand this case to the Board of Immigration Appeals for two reasons. First, Section 273.5 of the California Penal Code is both overbroad and indivisible with respect to the issue of moral turpitude. Counsel, we have a little bit of an unusual situation here, as you know, with the Mathis case pending before the Supreme Court. I know the government's expressed a position on that. In our argument today, we're going to focus on what we've got, on the assumption that Mathis doesn't change anything. Obviously, if Mathis changes something, then that's the way it goes, but if you'll address this in terms of a current law as opposed to anything that Mathis might do. Yes, Your Honor, I will. And my second point, Your Honors, is that even if the statute is divisible, the record of conviction in this particular matter does not establish the relationship between the petitioner and the victim of the offense, and such does not demonstrate that he was convicted of a crime involving moral turpitude. You're saying even if we apply the modified categorical analysis that looking at the record, which says specifically, defendant pleads guilty to count, and then indicates it inflict corporal injury on spouse. Are we supposed to go behind that? No, Your Honor, certainly not. Your Honor, there's no complaint in this record. There is only a minute order. Now, as I'm sure the Court is aware from looking at the minute order in the record, it's a series of inputted dates that summarize particular activities in the Court that day, whether the defendant pled guilty, whether he was advised of the rights that he was waiving. Do you have a case that stands for the proposition that minute orders are not reliable and can't be used as one of the shepherd documents? Your Honor, it's not my position that you cannot use it as a shepherd document. It's the petitioner's position that the label that's affixed at the very top, which is the only indication of what the relationship might have been to the victim, is itself not actually reliable to show the basis of the conviction. And I do have several cases that support that position, Your Honor. The first would be Huerta-Guevara v. Ashcroft, which is a 2003 Ninth Circuit case, 321 F. 3rd 883. And again, in that case, Your Honor, we were dealing with a divisible statute. The only document was the judgment, which is similar to the minute order here, Your Honor. And it listed a label for the count at issue of possession of a stolen vehicle. And the government argued that this narrowed an otherwise divisible statute to one of two possible subsections that would have, in fact, qualified as a disqualifying offense for this individual. And this court disagreed, stating, quote, the conviction's label only goes so far. The conviction itself must meet the generic definition, unquote, of a removable offense. How many entries looking through the entire minute orders reflect that this was injury to a spouse? There's more than one, right? No, Your Honor. The only place that's reflected to, Your Honor, I'm aware of the one at the very top of the minute order, where it says, count one, section 273.5, inflict corp injury spouse. There's one at 301 and one at 302 of the exits of record. Your Honor, I'm looking at 302. I'm not sure. Okay. The first one, first entry list, count one on the 1995 criminal complaint filed against Torres Lopez as follows, 273.5A, PC, misdemeanor, inflict corporal injury on spouse. I see that. That's at 301. And the second one reads substantially the same, except defendant pleads guilty to count and so on. Oh, I see, Your Honor. So there are two separate entries, both of which reference the code section and both of which said that there's corporal injury to the spouse. Yes, Your Honor. And as you know, our case law, at least at this point, provides that corporal injury to a spouse, as opposed to somebody else is a CIMT. Yes, Your Honor. However, this court has held, both in the case I just cited and several others, that labels affixed next to count numbers don't actually reliably identify what subpart of a divisible statute is at issue. I would also point the court detention to US v. Navidad Marquez, a Ninth Circuit 2004 decision, 367F3rd903. At issue there, Your Honor, was Health and Safety Code 11379A, which criminalized a number of things, including transportation and sale of a controlled substance, offering, furnishing, giving away controlled substances. The judgment was also the only document in the record for that case, and it described, if you will, it labeled the conviction as transport slash sell controlled substance. The district court held that this was sufficient to prove he was convicted of transporting and sale of a controlled substance, which would have been an aggravated felony. Again, the Ninth Circuit disagreed, and they stated that the abstract of judgment merely recites the statute of conviction and describes it as transport slash sell controlled substance. And the court went on to decline to, quote, infer from the simple summary of the statutory title in the abstract of judgment that Navidad Marquez indeed pleaded guilty specifically to transportation and sale of a controlled substance. There's also an unpublished decision, Your Honor, from 2008, Resurreccion v. Mukasey, 287 Fed Appendix 556. Again, we were dealing with an overbroad statute. It criminalized some conduct that would qualify as counterfeiting offenses and some that wouldn't, including... Overbroad in the sense that it wouldn't be categorically covered. Yes, Your Honor, exactly. But we're now talking about modified categorical, right? Right. But the court was was evaluating under the modified categorical approach whether or not the judgment, which labeled the crime in this instance as, quote, transportation of counterfeit securities, could then narrow this otherwise overbroad statute. So from your perspective, the first entry here, which which speaks of the charge listed in the criminal complaint, followed by a second one that says that he pled guilty to that case, is referring to the fact that it was corporeal injury to his spouse, is insufficient from your perspective pursuant to our case law? Yes, Your Honor, if there had been a complaint in this record, for example, which then listed in count one that the relationship was a spouse, I concede we would have a different record of conviction before us. The first entry that I mentioned in ER 301 refers to the 1995 criminal complaint. Are we to ignore that fact? Do we incorporate it by reference? Do we assume they're lying? What do we do? Your Honor, we certainly don't assume they're lying, but we don't know what the complaint itself said. It's very common, as I'm sure the court is aware, for complaints to have full sentences, for example, and that may say spouse or may say, especially in 273.5, spouse, cohabitant or parent of a child in common. Both of these cases say spouse. I know your position is that he wasn't married to this woman at the time. We beat her up, but that from your perspective, we just ignore what's in this record. It doesn't qualify. Your Honor, I don't think we ignore it. My position is that this is simply a label. It's a shorthand typographical title that was. Why does it matter in the facts of this case that if the complaint, for example, lists it in the alternative and says spouse, cohabitant and the the charge that he pled to specifically narrowed it down to a spouse? Why is it why isn't that reliable enough? Your Honor, as I see, I'm just about out of the time. Once you answer Judge Wynn's question, we'll give you two minutes when you get through answering her question. I'm sorry, Your Honor. Would you please repeat your question one more time? Why isn't it reliable enough that when he pled guilty, he narrowed the charge he pled guilty down to infliction of corporal injury on a spouse? I don't think this document establishes that he narrowed it down, Your Honor. It's not a plea transcript. It doesn't show a judge saying, you know, sir, do you understand you're pleading guilty to corporal injury on your spouse? Again, I would go back to the concept that's enumerated in this court's case law, that this is just a shorthand label. It's a very long statute with many relationships listed in there, perhaps too long for the headers that appear on a minute order. Have you ever seen a minute order that's anything other than shorthand? No, but I've certainly seen minute orders for 273.5 that list other relationships, including multiple relationships, Your Honor. This one didn't. It did not. I guess my question is, are you saying that for a minute order to have validity for purposes of the modified categorical analysis, they have to spell out in high variable what the indictment or the complaint says? I think, Your Honor, if the purpose of the minute order is to narrow an otherwise divisible statute down, then yes, it has to have a fact. I don't want to say factual allegation because that sort of gets us outside the concept that you don't look at the underlying facts. But to the extent that a complaint gives something of a factual allegation that then shows the underlying conduct, which the conviction actually rested upon as a matter of law, if it narrows down the elements of an otherwise overbroad statute. I think the concept here is that the minute order, like a judgment or an abstract, is typically used to establish a count if there's a multi-count complaint. And together with whatever the factual allegations are in the complaint, this court has held that those two documents together can substantiate whatever narrowing down of elements you can discern from the complaint. Okay. I think we have your point. So we'll give you a couple of minutes when the government finishes. Thank you, Your Honor. May it please the court. My name is Lance Jelle. I represent the respondent, the United States Attorney General. Assuming with Mathis, under this court's precedence as of now and as undisputed by petitioner and his appeal to the board, the conviction of domestic violence is a crime involving moral turpitude. So from the government's perspective, the fact that the petitioner did not dispute the CIMT conviction when he appealed to the BIA, he's waived this issue? Is that your position? He's failed to exhaust. Most importantly, that if you get to the modified categorical approach, he's failed to exhaust this label claim. Can you exhaust a pure legal issue? In this case, if he's right, that this statute, again, putting Mathis aside, this under our case law to show that it's a CIMT, doesn't he succeed even though he didn't, in quotes, exhaust it before the BIA? This court in Barron v. Ashcroft still requires the exhaustion of like due process questions or anything that the board could help remedy in a sense. And if the board saw, oh yeah, maybe there needs to be more documents, the board could have sent it back. The questions that don't need to be exhausted are like substantive constitutional questions or questions that aren't deferred to at all by the board in some instances. But in this case, when you're looking at the record as certainly something that should have been exhausted. Council takes the position that there has to be in the record a colloquy at the time of the pleading or a copy of an indictment or a criminal complaint along with the plea. What's the government's response to that? First of all, it was petitioner's burden since this is a relief in the relief context, petitioner was applying for cancellation of removal. And so the burden of reduction was on her to, on council and petitioner to file those documents. Now, wait a minute. So the government's saying this is CIMT because these preexisting documents are there, you're saying it's the petitioner's burden to produce some additional documents, what documents would they want to produce? They wouldn't want to produce the criminal complaint and the indictment because that would hurt them. Why would they want to produce that? Exactly. If the DHS submitted evidence that showed that the minute order that showed he was convicted of domestic violence on his spouse, if he had an issue with that, if he did not believe that he was convicted of that, he should have filed other documents. What other documents? So the abstract of judgment may have had more information. This, the information from which the minute order refers. Let's just say hypothetically that all is there is what the government produced and say that is inadequate as a matter of law to show under the modified categorical analysis that this is a CIMT that would affect his ability to proceed in this, in this proceeding. Then what happens? Under Young, he would, he would, he would fail to meet his burden of proof. Under Young? Yes. In what sense? An inconclusive record of conviction with regards to... Well, the government has to prove that it's a CIMT, doesn't it? That's not his burden. Why would, why would that be his burden? If it was the basis of removal, certainly the government would have the burden. And that's the basis, isn't it? This is not a removal case. This is a relief case. In a relief case, it is petitioner who bears the burden that he is eligible for cancellation of removal. And of those requirements is he has not been convicted of an offense under 212A2 of the INS. So the government says that he has been convicted and he puts in a stack of bubble gum. So what does that mean? Does the government, has the government then met its burden? Doesn't the government have to show that in fact, under the modified categorical analysis, he was convicted of a CIMT? I think we're talking past each other because again, it's the relief. In the relief context, it is petitioner's burden of proof. And in the removal context, you're right. The government has to submit evidence. But in this case, as you guys, as your honors... No, we're not guys. I apologize. Especially not Judge Blank. Definitely not. Yes. My apologies. The record reflects that he was convicted of domestic violence on his spouse. Counsel's argument is that this is mere labeling that doesn't have the reliability and our current case law. How do you respond to that? Labels, as I mentioned in my, in the supplemental brief, there's evidence that the label reflected a narrowing of the charge of the victim to the spouse. Well, sometimes they are, sometimes they aren't. So let's say you have a criminal complaint that charges spouse, comma, cohabitant, comma, and whatever else the listing sort of statute provides. Now you go into court and the courtroom deputy clerks prepare these minute orders under very limited time constraints. And, and let's say she happens to, in that entry, select the very first term. They don't think about what happens in federal court, the consequences, the immigration, modify categorical analysis or anything else. So without the underlying documents, such as what he was advised during the change of plea, how do we know that this isn't just a mere shorthand label that the courtroom deputy clerk chose to fix to the minute order? Again, going back to the burden of production is on petitioner. The immigration judge relied on the minute order saying. Well, setting aside the burden of production, which you covered, I'm talking about just the reliability of this document. What is your best argument that this is sufficiently reliable such that we can rely on the spouse designation versus the other options in the statute? A presumption of regularity. I would propose as my best argument. You, you presume that the county, the county clerk did the job and narrowed it accordingly. Um, and you can't really go beyond that. Uh, well, you can rebut the presumption, but, um, that wasn't done here, obviously. But if, if, if as a matter of law, there was inadequate documentation presented to show that this petitioner was in violation of a CIMT, then what happened? Uh, the court should affirm the board's decision. She's not, the petitioner is not eligible for cancellation of removal. And so what I'm saying is if, if as a matter of law, no CIMT is proven, how would that be the case? Again, petitioner has the burden to show he is eligible for cancellation of removal. In that burden, he has to show that he is not, that he has not been convicted of a crime involving moral turpitude. That's a proof that he didn't do something? Uh, he, there was a conviction in the record that he committed. He was convicted of 273.5. Please listen to me with respect. What I'm saying is if under our case law, what is in the record is inadequate to show that he was convicted of a CIMT, then what happens? Then he didn't meet his burden of proof. This is a truly, uh, not just trains, but ships and planes passing in the night. Right. We are really not communicating. Indeed, as they say in a movie, what we have here is a failure to communicate. All right. I, I, let me ask you, let me ask you a similar question. Um, we're talking a lot about the modified category of analysis and whether the document is sufficient, but that isn't triggered unless the statute is divisible and the Supreme Court, uh, case that was argued recently, Mathis may shed light on the divisibility of this particular statute. Does it make sense for us to, to hold, uh, pending, uh, Mathis? Insofar as you believe the modified categorical approach is, uh, necessary. Uh, as I raise in the supplemental brief, uh, recent state court law has, uh, has cited critically Morales-Garcia, uh, which applied, uh, which stated that the 273.5 is a divisible statute, wherein the modified categorical approaches is applicable. Uh, and so if that state court law, uh, puts in a question Morales-Garcia, uh, this court could very well settle the issue on, uh, the categorical approach and find that such a violation is a, uh, categorical crime involving moral interpretive. Any other questions by my colleagues? Not from Mr. Jollibee. Okay, very good. Thank you, counsel. We'll hear the rebuttal from counsel for the petitioner. Your honors, I'd like to briefly address two points raised by opposing counsel. One is with respect to the burden of proof issue and two is with respect to exhaustion. With respect to the burden of proof, your honor, the board did not decide whether or not an inconclusive record of conviction would meet the burden of proof here, your honor. I respectfully submit the issue is not before this court before the Chenery doctrine, pursuant to the Chenery doctrine. And moreover, your honor, the government conceded as such in its answering brief. I would point the court's attention to pages 17 and 18 of their answering brief in which they state that the burden of proof is not at issue in this case, your honors. Secondly, your honors, with respect to the question of exhaustion, the board stated, and I quote in its decision, your honors, on de novo review, we agree with the immigration judge that responded is not eligible for cancellation because he has been convicted of an offense under sections 212A2A and 237A2A1, which are, of course, the crime involving moral turpitude sections. The fact that the board explicitly stated it had conducted a de novo review shows that they considered this legal issue in its entirety, whether the statute was a CIMT under the categorical approach or the modified categorical approach. And that's the fact, I'm sorry, your honor, that's the fact that it was not particularly raised articulately to the board in the briefing isn't relevant. It has been exhausted by virtue of the board's decision. Including with the reference to the due process claim? Your honor, with respect to the due process claim, I would point the court's respondents opening brief at page, excuse me, not respondents, petitioners opening brief, sorry, we're respondents in immigration court and before the board. At page certified administrative record at page 12, which is the BIA brief from petitioner, where counsel seated the IJ did not handle this case in a fair manner. And then explained that the IJ denied this case on a ground that had never been previously raised by the judge, by the board, before it had been remanded again by Homeland Security and did not provide an opportunity to respond either with counter legal arguments or additional documents in the record of conviction. This court in Rizzo versus Lynch decided this year, stated that even in that case, a two sentence argument in the brief that the BIA failed to meaningfully challenge the IJ's disposition of the case did not constitute sufficiently presenting it to the board. So how is that a phrase sufficient to exhaust at the BIA? If Rizzo said two sentences wasn't enough. Your honor, I would point your attention to this court's decision in Agumon versus INS 296 F3rd 871, ninth circuit 2002, where this court said you need not use the words due process to exhaust a due process issue. In that case, the petitioner had protested the issue of whether his wife's testimony should have been admissible. And that was sufficient to exhaust a due process claim. I would say the petitioner's reference to not handling it in a fair manner, fundamental fairness is synonymous with the concept of due process. Setting aside the issue of the label, what you call a due process or fairness, the idea being though that if two sentences wasn't sufficient in Rizzo, why is a phrase sufficient here to exhaust it in this case? It wasn't a phrase, your honor. It was actually two paragraphs. I mean, there was one sentence that said fairness and then the remainder of that paragraph and the next paragraph, excuse me, paragraph explained why it was that petitioner felt the judge had not conducted a fair hearing. Any other questions from my colleague? Thank you. All right. Thank you very much. Thank you. Your honor. Well, counsel, uh, we're not going to submit this case at this time. So it's to save a little paperwork that we're going to await the outcome of Mathis and then we will decide what we do at that point. Uh, but we thank you both for your argument because in the event Mathis doesn't bear on this case, then we will be prepared to move forward, uh, with the decision. So we thank counsel. The case just argued is not submitted, but we'll now move to the next case. Thank you very much.
judges: M. Smith, Nguyen, Gordon